IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED MICRO DEVICES, INC., and ATI TECHNOLOGIES ULC, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 19-70-CFC |
| MEDIATEK INC., and MEDIATEK USA INC., | : : : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

On January 10, 2019, Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies ULC (collectively, "AMD") filed this lawsuit accusing Defendants MediaTek Inc. and MediaTek USA Inc. ("MediaTek") of infringing two patents: United States Patent Numbers 7,633,506 (the "#506 patent") and 7,796,133 (the "#133 patent"). AMD and MediaTek were also parties to Investigation No. 337-TA-1044, instituted by the International Trade Commission (the "Commission") on March 22, 2017 under section 337 of the Tariff Act of 1930, codified at 19 U.S.C. § 1337. *See* D.I. 11-1 at 1–2. On August 22, 2018, the Commission issued a notice in which it announced that the investigation "is terminated" and that the Commission had "determined to affirm" an Administrative Law Judge's final

Initial Determination that MediaTek infringes the #506 patent and does not infringe the #133 patent. *See id.* at 1, 3. MediaTek appealed to the Federal Circuit the Commission's determination that MediaTek infringes the #506 patent. That appeal is pending. Before me now is MediaTek's motion filed on February 8, 2019 to stay this case "until the final resolution" of Investigation No. 337-TA-1044. D.I. 7 at 1.

MediaTek argues that a stay of AMD's claims relating to the #506 patent is mandated by 28 U.S.C. § 1659, and that "[g]iven the substantial overlap" between the two patents I should exercise my discretion to stay as well the claims relating to the #133 patent. D.I. 8 at 1–2. It argues in the alternative that if I determine that § 1659 does not mandate a stay, I should exercise my discretion incidental to the power inherent in every court to stay the case. D.I. 8 at 5 n.4; D.I. 12 at 5–6.

The language of § 1659 negates AMD's argument that a stay is mandated in this case. Section 1659(a) provides in relevant part that

> [i]n a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission
> . . . .

28 U.S.C. § 1659(a). Thus, by the statute's express terms, a stay is not mandated unless the parties are currently parties to a proceeding pending before the Commission. The statute requires the district court to grant a stay only "at the request of a party to the civil action that *is* also a respondent in the proceeding before the Commission" and only if the parties "*are* also parties to a proceeding before the Commission." *Id.* (emphasis added).

The only "proceeding" that takes place before the ITC under section 337 is an investigation. *See* 19 U.S.C. § 1337(b) and (c) (authorizing ITC to initiate "investigation" of alleged violations of section 337 and using the terms "investigation" and "proceeding" interchangeably). The ITC terminated Investigation No. 337-TA-1044 on August 22, 2018—five months before MediaTek filed its motion to stay this case. Thus, there was no pending Commission proceeding when MediaTek filed its motion for a stay and, therefore, the plain language of § 1659 does not mandate a stay of this action. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) ("The task of resolving the dispute over the meaning of [a statute] begins where all such inquiries must begin: with the language of the statute itself. In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, the sole

3

function of the courts is to enforce it according to its terms." (internal quotation marks and citations omitted)).[1]

There remains the question of whether I should exercise my discretion to grant Mediatek's stay request. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 238, 254 (1936). The factors courts typically consider in deciding whether to exercise this discretionary power are: (i) whether a stay will simplify the issues in question and trial of the case; (ii) whether discovery is complete and a trial date has been set; and (iii) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See,*

---

[1] Mediatek's reliance on *In re Princo Corp.*, 478 F.3d 1345 (Fed. Cir. 2007) is unavailing. The Federal Circuit held in *Princo* that "the Commission's *determination* has not yet 'become final' under § 1659 . . . until the Commission order is no longer subject to appellate review." *Id.* at 1357 (emphasis added). "Determination" and "proceeding" are two completely different things—analogous to, respectively, "verdict" and "trial." (And for this reason, I understand MediaTek's motion to be incorrectly captioned and effectively to seek a stay until the final resolution of the Commission's determination, not the Commission's proceeding.) *Princo* says nothing about the duration or pendency of "proceeding" under § 1659 or whether the movant for a stay under § 1659 "is also a respondent in the proceeding before the Commission" under § 1659. Unlike Mediatek, the defendants in *Princo* requested a stay when they were also parties to a proceeding then pending before the Commission (albeit on remand after the Federal Circuit had reversed the Commission's initial determination). *See id.* at 1350.

e.g., *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003).

Here, a stay will likely simplify the issues in question and trial of the case. The Commission's proceeding and determination addressed both of the patents asserted in this case and some of the same products accused of infringement. The patents share common inventors and claim terms and have overlapping figures and written descriptions. The Federal Circuit will likely issue within the next few months a ruling that addresses directly issues concerning the #506 patent and perhaps indirectly issues that concern the #133 patent. AMD agrees that "the same discovery in this case will be applicable to both AMD's counts of infringement for the '506 and '133 Patents." D.I. 11 at 12. AMD also agrees that its "claims relating to the '506 and '133 Patents implicate the same witnesses, accused products, third-party technology, and evidence." *Id.* (quoting D.I. 8 at 7). Further, AMD does not dispute that staying this action in its entirety pending final resolution of the Commission's determination would enable the Court, the parties, and third parties who provide the graphics processing technology central to AMD's infringement claims to avoid the burdens of duplicative litigation. Thus, a stay would promote judicial economy and minimize burdening third parties.

The second factor courts typically consider also favors a stay. Discovery has not begun, a trial date has not been set, and there is no scheduling order in place.

Finally, a stay would not cause AMD undue prejudice. AMD contends that a stay would prejudice it in two ways. It argues first that a stay "would be inequitable" because MediaTek filed its own infringement action against AMD after filing its motion to stay in this action. *See* D.I. 11 at 15. But Mediatek's lawsuit involves different patents and different accused products and neither party has argued that it would be unduly prejudiced by having to litigate two cases at once. MediaTek's filing of a separate lawsuit accusing AMD of infringing MediaTek's patents is thus not relevant to the undue prejudice inquiry.

AMD also argues that, based on the average time the Federal Circuit takes to adjudicate appeals, a stay will prejudice AMD by delaying the case "for at least a year." D.I. 11 at 15 (emphasis in original). It does not, however, explain how a delay of a year (or any time) would cause it to suffer any irreparable harm, and thus fails to demonstrate that it would be unduly prejudiced by a stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("Of course, whether the patentee will be *unduly prejudiced* by a stay . . . like the irreparable harm-type inquiry, focuses on the patentee's need for an expeditious resolution of its claim. A stay will not diminish the monetary damages to which [the patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." (emphasis in original)). Moreover, its argument that a delay in this action will

cause it prejudice is undermined by the fact that AMD did not file this lawsuit until two years after it filed its complaint that led the Commission to initiate Investigation No. 337-TA-1044.

Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED** this 29th day of August, 2019 that "[MediaTek's] Motion to Stay Pending Final Resolution of Related ITC Proceedings" (D.I. 7) is **GRANTED** and that this action is **STAYED** until the United States International Trade Commission's Determination in Investigation Number 337-TA-1044 is no longer subject to judicial review.

_____
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE